UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
CONGREGATION SHEARITH ISRAEL,

                Plaintiff,            OPINION

      -against-

                              12 Civ. 8406 (MGC)

CONGREGATION JESHUAT ISRAEL,

                Defendant.

---------------------------------X

APPEARANCES:

        EDWARDS WILDMAN PALMER LLP
        Attorneys for Plaintiff
        2800 Financial Plaza
        Providence, Rhode Island 02903
        -and-
        750 Lexington Avenue
        New York, New York 10022

        By:  Deming Eliot Sherman, Esq.
             Anthony Joseph Viola, Esq.
             Zachary Winthrop Silverman, Esq.

        CADWALADER, WICKERSHAM & TAFT LLP
        Attorneys for Plaintiff
        One Financial Center
        New York, New York 10281

        By:  Louis M. Solomon, Esq.
             Solomon B Shinerock, Esq.

        KRAMER LEVIN NAFTALIS & FRANKEL LLP
        Attorneys for Defendant
        1177 Avenue of the Americas
        New York, New York 10036

        By:  Gary P. Naftalis, Esq.

Jonathan Mark Wagner, Esq.
Tobias B. Jacoby, Esq.


PARTRIDGE SNOW & HAHN LLP
Attorneys for Defendant
180 South Main Street
Providence, Rhode Island 02903

By:  Steven Earle Snow, Esq.

**Cedarbaum, J.**

Congregation Shearith Israel ("CSI"), a New York Jewish congregation and corporation, sues Congregation Jeshuat Israel ("CJI"), a Rhode Island Jewish congregation and corporation, over the ownership of a pair of silver finial bells called rimonim.  The rimonim traditionally adorn the Torah during Jewish religious services.  The dispute over this particular pair of rimonim arose after CJI entered into a conditional agreement to sell the rimonim to the Museum of Fine Arts in Boston for over $7 million.  CJI moves to dismiss the complaint for lack of personal jurisdiction and, in the alternative, to transfer this case to the District of Rhode Island, where a parallel action brought by CJI against CSI is pending.  For the following reasons, the case is dismissed pursuant to the first-filed rule.

**BACKGROUND**

CSI, which follows the Orthodox Jewish ritual of the Spanish and Portuguese Jews, is the oldest Jewish congregation in North America.  A few years after CSI was founded in New York, Jews of Spanish and Portuguese heritage began to settle in Newport, Rhode Island.  This community was organized throughout the eighteenth century under the name Congregation Yeshuat Israel -- a congregation that CSI alleges is distinct from Congregation Jeshuat Israel, the defendant.  In 1763, a

3

synagogue, now known as Touro Synagogue, was consecrated in Newport.  CSI alleges that throughout the eighteenth century, Torah scrolls loaned by CSI were used in Touro Synagogue, and that Congregation Yeshuat Israel possessed two pairs of rimonim, crafted by the silversmith Myer Myers.

In the early 1800s, the number of Jewish residents in Newport diminished and Congregation Yeshuat Israel ceased to exist.  From approximately 1822 to 1880, Touro Synagogue was rarely open, and during this time CSI was involved in the maintenance of Touro Synagogue.  During the last twenty years of the nineteenth century, however, the Jewish community in Newport experienced a revival.  A schism within the community quickly followed this revival, creating the organization of the defendant, CJI, and another organization, known as Touro Congregation.

The competition between the two congregations eventually led to litigation over Touro Synagogue.  In 1902, the matter was resolved, and CSI was found to own Touro Synagogue, as well as its real and personal property.  CSI then entered lease agreements with CJI in 1903 and 1908, renting to CJI the Touro Synagogue and related religious articles for one dollar per year.  The leases conveyed an interest in not only the synagogue but also "the appurtenances and paraphernalia belonging

thereto," which CSI alleges included the pair of rimonim at issue here.

In June of 2012, CSI learned that CJI had entered into a conditional agreement to sell the rimonim for over $7 million to the Museum of Fine Arts in Massachusetts, where the rimonim are currently on display.  CSI objected to the sale, asserting that it owned the rimonim.  In July of 2012, the parties engaged in discussions about the dispute, which resulted in a letter by CSI to CJI that purports to reflect an agreement between the parties that certain documents related to the ownership of the rimonim would be exchanged.  The letter also stated that "if the Congregation Jeshuat Israel takes any further action to sell the rimonim, it will give [CSI] 30 days' notice.  If there is an urgency that requires action more quickly, [CJI] will give us at least 15 days' notice."  The parties met again on October 24, 2012, to discuss the dispute.  On November 8, 2012, CJI brought suit in Rhode Island state court seeking, inter alia, an injunction that would permit it to sell the rimonim.  On November 14, 2012, CSI removed that suit to the District Court of Rhode Island.  On November 16, 2012, CSI brought suit against CJI in this court, seeking a declaratory judgment that it owns the rimonim and other related relief.

While this suit remained pending, the parties engaged in settlement discussions in Rhode Island before U.S. District

Judge William E. Smith throughout 2013.  After settlement discussions failed, on July 11, 2013 Judge Smith reassigned the case to U.S. District Judge John J. McConnell.  On August 15, 2013, Judge McConnell set the pretrial schedule.

## DISCUSSION

As previously mentioned, CSI brought this suit after CJI had already filed a lawsuit in Rhode Island, which CSI removed to the District of Rhode Island.  It is well settled that generally, the first-filed suit should have priority, "absent the showing of [a] balance of convenience in favor of the second action . . . or unless there are special circumstances which justify giving priority to the second."  Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978) (internal citation omitted), abrogated on other grounds by Pirone v. MacMillan, Inc., 894 F.2d 579 (2d Cir. 1990).  Even before reaching this analysis, however, a threshold question becomes relevant:  "which court should grapple with the issue of where the case should proceed."  MSK Ins., Ltd. v. Emp'rs Reins. Corp., 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002).  The Southern District of New York "has laid down a bright-line rule for situations such as this: The court before which the first-filed action was brought determines which forum will hear the case."  Id. (internal citations omitted); see also Ontel Prods., Inc. v. Project Strategies Corp., 899 F.Supp. 1144, 1150 n. 9 (S.D.N.Y.

1995) ("Case law indicates that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies.").

To this end, Judge McConnell issued the following text order on August 6, 2013:

> After reviewing the transcript of the hearing in the companion case filed in federal court for the Southern District of New York, and considering the positions of the parties as stated at the status conference before this Court, the Court sees no need to continue to stay this litigation and intends to move forward with this case.

This order indicates that the court before which the action was first-filed made the threshold determination that it will decide the question of the appropriate forum, as well as the substantive decision to hear the case, suggesting that no exception or special circumstances merit deviation from the presumption granting it priority to do so.  I see no reason to disturb this finding: The rule empowering the court where the action was first-filed to decide which forum will hear the case makes good sense, as it "duly serves both the federal judiciary and the litigants before it, because it provides a bright-line division of labor among the federal courts, thereby avoiding duplicitous litigation and the possibility of inconsistent rulings."  MSK, 212 F. Supp. 2d at 268 n.5 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183-84, 72 S.

7

Ct. 219, 96 L. Ed. 200 (1952)).  The rule's application is particularly warranted here because, according to a sworn declaration by one of CSI's attorneys, the court in Rhode Island specifically recognized this rule and made procedural decisions based upon it.  See Sherman Decl. ¶ 16 ("In response to Mr. Snow's statement that CJI was contemplating moving to dismiss this action for lack of personal jurisdiction, the parties and the Court agreed that that motion would be made to this Court but that the transfer motion would be made in the Rhode Island Court since, as the parties and Judge Smith discussed, the law is that the Court of the first-filed action is the Court to decide if the first-filed rule should be given any weight and whether grounds exist for transfer.").

Although CJI has not technically moved to dismiss under the first-filed rule, CJI advanced the general argument under the auspices of its motion to transfer, and this is an area in which "district courts have been directed to avoid rigid mechanical solutions and are endowed with an ample degree of discretion." MSK, 212 F. Supp. 2d at 268 n.5 (internal citation omitted). Because this case shall be dismissed pursuant to the first-filed rule, I do not reach the question of personal jurisdiction or the substance of CJI's motion to transfer. See SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172, 179 n.9 (2d Cir. 2000). Nevertheless, it bears mentioning that there is no question of

jurisdiction in Rhode Island, where the issue has not been contested, whereas a close question exists as to whether personal jurisdiction exists in this district.  This presents yet another factor counseling in favor of the district court in Rhode Island adjudicating the dispute.  See Credit Suisse Sec. (USA) LLC v. Hilliard, 469 F. Supp. 2d 103, 112 (S.D.N.Y. 2007) ("In this case, plaintiff's choice of forum, while important, is outweighed by the serious question as to whether there is personal jurisdiction over defendants in this district.").

**CONCLUSION**

For the foregoing reasons, this case is dismissed in favor of the first-filed action.

SO ORDERED.


Dated:    New York, New York
          January 30, 2014


                              S/_____
                                  MIRIAM GOLDMAN CEDARBAUM
                                  United States District Judge